UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE A. PEA                                                                CIVIL ACTION

VERSUS                                                                       NO. 07-7958

MICHAEL J. ASTRUE, COMMISSIONER                  SECTION "J" (2)
OF SOCIAL SECURITY ADMINISTRATION

## FINDINGS AND RECOMMENDATION

Plaintiff, Diane A. Pea, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Act.  42 U.S.C. §§ 405(g), 423.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

Instead of filing a memorandum of facts and law on the merits, as ordered, Record Doc. No. 12, plaintiff filed a motion to remand the case to the Commissioner.  Record Doc. No. 14.  Pea argues that the case should be remanded pursuant to "sentence six" of 42 U.S.C. § 405(g), which provides for a court-ordered remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. §§ 405(g). Defendant filed a timely opposition memorandum.  Record Doc. No. 16.

Although plaintiff's submission seeks only remand, I find that it is sufficient also to constitute her request for review of the record on the merits, and I have made that review in this recommendation.

I.   PROCEDURAL HISTORY

Pea filed an application for DIB on October 20, 2004, alleging disability since January 15, 2003 because of back, leg and shoulder problems, carpal tunnel syndrome, diabetes and vision problems. (Tr. 56-60, 77-78). After her application was denied, she requested a hearing, which was held before an Administrative Law Judge ("ALJ") on March 8, 2007. (Tr. 207-35). On March 27, 2007, the ALJ issued a decision denying plaintiff's application. (Tr. 15-21). After the Appeals Council denied review on September 7, 2007, the ALJ's decision became the final decision of the Commissioner for purposes of this court's review. (Tr. 3-5).

II.   STATEMENT OF ISSUES ON APPEAL

Plaintiff seeks a remand to the Commissioner because she contends that the administrative record is incomplete and erroneous in the following respects:

A.   The record mistakenly contains some medical records of another person, not the claimant.

B.   The record does not include medical records concerning plaintiff's mental health treatment, which her counsel allegedly sent to the SSA by facsimile transmission on June 7, 2006, copies of which are purportedly attached to plaintiff's memorandum. Record Doc. No. 14-4, Plaintiff's Attachment 1.

2

    C.    The record does not contain certain medical records concerning plaintiff's back surgery on February 7, 2006, which her counsel allegedly filed into the record on March 8, 2007.

    D.    The record does not include the decision of another ALJ dated April 24, 2003 in connection with plaintiff's prior application for benefits, in which the ALJ granted a closed period of disability from May 12, 2000 through April 30, 2002, but denied plaintiff's application for disability benefits from April 30, 2002 through the date of that decision.

### III. ALJ'S FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following relevant findings:

1. Pea alleged a disability onset date of January 15, 2003. However, the prior decision denied her benefits through April 24, 2003. That decision became final when the Appeals Council denied review on September 15, 2004. No new and material evidence or other reason was presented to reopen the prior decision. Therefore, the alleged disability onset date for plaintiff's current application is April 25, 2003.

2. Plaintiff has severe impairments consisting of degenerative disc disease of the lumbosacral spine with minimally invasive discectomy in February 2006, type II diabetes mellitus, diabetic retinopathy and bilateral carpal tunnel syndrome.

3. Some medication has been prescribed for depression. However, there is no evidence of treatment or referral for treatment by a mental health specialist. Normal affect has been noted on physical examination. There is no indication of significant persistent symptoms or limitations of mental functioning.

4. Plaintiff's allegations concerning her symptoms and related limitations are only partially credible.

5. Pea had the residual functional capacity to perform limited sedentary work with lifting up to 10 pounds, standing and/or walking for two hours total

    and sitting for at least six hours total in an eight-hour work day. She had the following additional restrictions: occasional overhead reaching; no exposure to concentrated odors, dust, gases or poor ventilation; no driving; no balancing; no climbing ladders, ropes or scaffolds; no work around hazardous machinery; and no work in an outdoor environment.

  6. Plaintiff was capable of performing her past relevant work as a telemarketer and/or telephone operator.

(Tr. 17, 19, 20-21).

## IV. ANALYSIS

  A. Standards of Review

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005); Waters v. Barnhart, 276 F.3d 716, 716 (5th Cir. 2002); Loza v. Apfel, 219 F.3d 378, 390 (5th Cir. 2000). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Perez, 415 F.3d at 461; Loza, 219 F.3d at 393. This court may not "reweigh the evidence in the record, try the issues de novo or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." Newton v. Apfel, 209

F.3d 448, 452 (5th Cir. 2000).  The Commissioner, rather than the courts, must resolve conflicts in the evidence.  Id.

The ALJ is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible.  See Arkansas v. Oklahoma, 503 U.S. 91 (1992).  Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence supports it.  Perez, 415 F.3d at 461.  Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive.  Id.; Newton, 209 F.3d at 452; Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995).

To be considered disabled and eligible for DIB, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 to 404.1599 & appendices, §§ 416.901 to 416.998 (2007).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  Id. §§ 404.1520, 416.920;

Perez, 415 F.3d at 461; Waters, 276 F.3d at 716; Loza, 219 F.3d at 393.[1] The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. Perez, 415 F.3d at 461.

The claimant has the burden of proof under the first four parts of the inquiry. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy that the claimant is capable of performing. When the Commissioner shows that the claimant is capable of engaging in alternative employment, the burden of proof shifts back to the claimant to rebut this finding. Id.; Newton, 209 F.3d at 453.

---

[1] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. Id. §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. Id. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. Id. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. Id. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. Id. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (2004) ("Medical-Vocational Guidelines").

The court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [her] age, education, and work history."  Martinez, 64 F.3d at 174.

B.  Medical and Vocational Evidence

I have reviewed the medical records in evidence and the ALJ's summary of the medical and vocational evidence. (Tr. 17-19). I find the ALJ's summary of the medical and vocational evidence substantially correct and incorporate it herein by reference, with the modifications, corrections and highlights noted below.

C.  Plaintiff's Motion to Remand

1.  The third-party medical records

Plaintiff's first basis for seeking a remand of the case to the Commissioner is that the administrative record mistakenly contains some medical records of another person, not the claimant. (Tr. 104-09). Although another person's medical records are in the record at those pages, Pea fails to explain how the erroneous inclusion of these third-party medical records causes any prejudice to her, or why this should be grounds for a remand under sentence six of 42 U.S.C. § 405(g), which applies only to the submission of new and material evidence.

"Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007). There is no indication that the ALJ erroneously relied upon the records or medical history of this third person in reaching his findings concerning plaintiff's case. While the third person conceivably has been harmed by having her medical records revealed in proceedings that have nothing to do with her, Pea has failed to show that "this error was [not] harmless," as far as she is concerned. Id. Accordingly, this ground for remand is meritless.

## 2. The missing medical records

Plaintiff seeks a remand so that the Commissioner may consider allegedly new and material evidence, which is, as defendant admits, not contained in the administrative transcript that was filed with the court. Defendant opposes the remand, arguing (1) that the mere absence of some records does not violate the rule that "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected," id., and (2) that the evidence is neither new nor material and therefore does not warrant a remand.

Any analysis of plaintiff's arguments is considerably complicated by the inconsistencies in her memorandum and the lack of any competent evidence in support of her arguments. Pea contends in her memorandum that her counsel faxed to the SSA

on June 7, 2006 certain medical records dated from January 19, 2005 (or perhaps March 21, 2005) through January 31, 2006, concerning her treatment at Ochsner Clinic Foundation ("Ochsner") for mental health problems.  See Record Doc. No. 14-2, plaintiff's memorandum, at p. 2 (stating that the initial treatment date was January 19, 2005); id. at p. 4 (stating that the initial treatment date was March 21, 2005).  She argues that these medical records contradict the ALJ's findings concerning her diagnosis of, treatment for and functional limitations created by depression.

First, Pea provides no evidence that the purported medical records were certified by Ochsner.  Nonetheless, the court will assume for purposes of the pending motion that the records could be verified and are legitimate treatment records.  Second, she has submitted no admissible evidence to show that the medical records described in the preceding paragraph were actually sent to or received by the SSA via facsimile transmission.  Third, the documents attached to plaintiff's memorandum include a fax transmission cover sheet indicating that 46 pages were faxed by her counsel on June 7, 2006.  However, the documents submitted to the court that are purportedly copies of the alleged fax transmission comprise only 20 pages of medical records dated between January 10, 2005 (which is neither January 19, 2005 nor March 21, 2005) and April 13, 2005 (not January 31, 2006).  Record Doc. No. 14-4, Plaintiff's Attachment I.

Pea also argues that the administrative record does not contain medical records concerning her back surgery in February 2006, which she allegedly provided to the SSA on March 8, 2007. She has not submitted any evidence in connection with this argument.

At another point in her memorandum, plaintiff refers to missing medical records from the Ochsner neurosurgery department dated between February 26, 2005 and August 11, 2005. She does not state that these records were ever submitted to the SSA, does not attach them to her memorandum and does not explain either how they would support her allegations of disability or why their absence warrants a remand.

When a claimant submits new medical evidence, this court may not issue factual findings and may review such evidence only to determine if a remand is appropriate. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995); Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989). Accordingly, the court must determine whether the case should be remanded so that the Commissioner may consider the allegedly new and material evidence, which apparently consists of: (1) 20 pages of Ochsner mental health treatment records dated January 10, 2005 through April 13, 2005, which Pea attached to her memorandum in this court and which were allegedly faxed to the SSA in June 2006, (2) the records of her February 2006 back surgery, which are not attached to her memorandum but which she alleges were submitted to the ALJ on the day of the hearing,

and/or (3) the Ochsner neurosurgery department records, which are neither attached to her memorandum nor alleged to have been submitted to the SSA at any time.

The court may remand for consideration of new evidence only upon a showing that the evidence is new and material <u>and</u> that good cause exists for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); <u>Garson v. Barnhart</u>, 162 Fed. Appx. 301, 2006 WL 73365, at *2 (5th Cir. 2006) (citing <u>Leggett v. Chater</u>, 67 F.3d 558, 567 (5th Cir. 1995)).

"New evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied, <u>and</u> whether there is a reasonable probability that the new evidence would change the outcome of the Commissioner's decision." <u>Castillo v. Barnhart</u>, 325 F.3d 550, 551-52 (5th Cir. 2003) (emphasis added).

I find that the proposed evidence is not entirely new. The ALJ's decision suggests that he probably considered some form of plaintiff's back surgery records in rendering his opinion. (Because plaintiff has not attached the records to her memorandum, the court cannot make any direct comparison between the supposed evidence, the evidence in the record and the ALJ's findings.) The ALJ stated that, "[w]ith a diagnosis of far lateral disc herniation at L5-S1 and L5 radiculitis, Claimant underwent minimally invasive far lateral discectomy at L5-S1 on February 7, 2006. (Ex. C8F)." (Tr. at 18);

see also Tr. 224 (plaintiff's attorney's question to vocational expert, stating that claimant had "lumbosacral injuries which ended in an operation which is in the record, they're in the record, within . . . the relevant time period. She had a herniated disc at left L5-S1[,] far lateral herniated disc with L5 radiculitis and that was the postoperative diagnosis too after they went in[,] that that was correct. And they did surgery on her back . . . ."); Tr. 231 (plaintiff's attorney stated during the hearing that Pea had a back operation on February 7, 2006). Exhibit C8F, which the ALJ cited, does not consist of surgery records. However, nothing else in the record contains the details of diagnosis and "minimally invasive" surgical intervention that the ALJ related in his opinion. Thus, he must have reviewed medical evidence that, although now absent from the record, contained those details. The ALJ additionally noted that neither the presumptive worsening of plaintiff's back symptoms since 2004, which led to the surgery in February 2006, nor the recovery following surgery had been "shown to have persisted for at least 12 months. The medical evidence does not indicate that Claimant was expected to be incapacitated for more than a few months while recovering from surgery. There is also no medical evidence to indicate that the surgery was not successful." (Tr. 19). Accordingly, it appears that at least some of the evidence that plaintiff seeks to submit concerning her back surgery is not new.

The evidence concerning plaintiff's mental health treatment that she has attached to her memorandum appears to be new. The only discussion in the ALJ's opinion concerning Pea's mental health is that she provided a medication list, dated March 9, 2007, on which "she reported taking Effexor for depression since 2003." (Tr. 18, citing Exh. C5E). That medication list states that Effexor was prescribed by Dr. Anderson in 2003. (Tr. 100). My review of the record has found no medical evidence from any Dr. Anderson and no medical evidence of mental health treatment.

As to the supposed evidence from the Ochsner neurosurgery department dated between February 26, 2005 and August 11, 2005, no such records are in the administrative record. Presumably, the proposed evidence (if it exists, which the court cannot say, since plaintiff did not submit it to the court) is new.

Turning to the issue of materiality, the purported medical records relate to the relevant time period, but plaintiff has not shown a reasonable probability that any of the evidence would change the outcome of the Commissioner's decision.

The mental health treatment records that are included in Plaintiff's Attachment I could not reasonably be expected to have altered the ALJ's findings that Pea has no severe impairment based on depression and that "[t]here is no indication of significant persistent symptoms or limitations of mental functioning." (Tr. 19).

13

As previously noted, the record contains no medical evidence of mental health treatment. Moreover, Pea did not complain of depression in any of the documents that she personally submitted during the administrative process, until she noted on a March 9, 2007 medications list that Dr. Anderson had prescribed Effexor for depression in 2003. See Tr. 77-83, Disability Report dated January 24, 2005 (no mention of any mental impairments); Tr. 79 (stating that she had never been seen by a doctor, hospital or clinic for mental or emotional problems that limit her ability to work); Tr. 97-98, Function Report dated November 17, 2004 (stating that she has no problems getting along with others, has good ability to pay attention, follows written and spoken instructions well, gets along well with bosses, handles stress fairly well, handles changes in routine well, has no unusual behavior or fears except a fear of closed-in spaces and a fear of experiencing pain when she walks); Tr. 100, medications list dated March 9, 2007 (Effexor prescribed by Dr. Anderson since 2003 for depression); Tr. 117, 122, 145, 147, 150, 152-63, 171, 185, 189 (prior medications lists and records of health care providers do not include any diagnosis of or medication for depression); Tr. 147, examination by orthopedist dated May 26, 2004 (noting that Pea exhibited a normal affect); Tr. 147, examination by neurosurgeon dated October 5, 2004 (noting that mental status examination was normal). The new records cover only four months from January 10 to April 13, 2005. Plaintiff thus fails to demonstrate that her mental health problems lasted

14

or could be expected to last for the continuous twelve-month span necessary to establish a severe impairment. 20 C.F.R. § 404.1520(d).

Furthermore, these new records demonstrate that Pea's symptoms improved with treatment during those four months. She first saw Marvin Clifford, Ph.D., L.C.S.W., on January 10, 2005, and she returned six times for counseling with him. Dr. Clifford's diagnosis was major depression and generalized anxiety disorder. Psychiatrist, Thomas Kiester, M.D., examined Pea on February 23, 2005 and diagnosed major depression, recurrent, moderate. He prescribed Effexor, an antidepressant, and recommended that she return to see him in four weeks. Record Doc. No. 14-4, at p. 11. When Pea saw Dr. Kiester on April 13, 2005, he noted that she had a brighter affect, her mood and sleep had improved since starting medication, and the chosen therapy had "partial efficacy with no observed side effects." Her mood and affect were only mildly depressed. Id. at p. 4. He observed that she had experienced a "mild improvement in mood, affect, sleep, irritability and [decreased] anger." Dr. Kiester increased her dosage of Effexor and recommended that she return to see him in six weeks. Id. at p. 5. A medical condition that can reasonably be remedied by surgery, treatment or medication is not disabling. Leblanc v. Chater, 83 F.3d 419, 1996 WL 197501, at *3 (5th Cir. 1996); Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988); Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987); see also Bolton v. Apfel, 237 F.3d 632, 2000 WL 1701816, at *1 (5th Cir. Nov. 3,

2000) (affirming denial of benefits when, "[a]lthough the medical records reflect that Bolton did experience a single episode of severe depression, her depression responded to treatment and had apparently resolved").

Pea's records of mental health treatment could not reasonably be expected to change the outcome of the ALJ's decision. Therefore, they are not material.

As discussed above, it appears that the ALJ already considered Pea's medical evidence concerning her back surgery when he issued his opinion. But even if these alleged records were new, plaintiff has failed to include them, or the alleged neurosurgery department records, with her motion to remand. She has failed to demonstrate to the court that these alleged records would change the outcome of the ALJ's decision. Therefore, the evidence is not material.

Furthermore, even if some or all of the alleged evidence were material, Pea has failed to demonstrate good cause for her failure to incorporate it into the record. She claims that her counsel faxed the mental health treatment records to the SSA on June 7, 2006 and that he filed the back surgery records with the SSA on the morning of the hearing. Record Doc. No. 14-2 at pp. 2-3. At the administrative hearing on March 8, 2007, plaintiff's counsel verified that he had reviewed all the exhibits and that the record, which included "the newly submitted evidence," was complete. (Tr. 209). When the ALJ invited plaintiff's counsel to supplement the record with any additional evidence

16

that he needed, counsel stated that everything relevant was already in the record. (Tr. 219). In addition, Pea could have submitted any allegedly missing evidence to the Appeals Council before it denied review on September 7, 2007, but she did not do so. Pea thus had every opportunity to submit all of her evidence before the Commissioner's decision became final. Because plaintiff "does not provide a satisfactory explanation for its absence from the initial proceedings," Leggett, 67 F.3d at 567, the allegedly new evidence does not warrant a remand.

### 3. Failure to include the prior decision in the record

Plaintiff argues that "it is hornbook Social Security Law [that] if an ALJ uses a previous decision to refuse to re-open a prior claim, then this decision must be included in the record before the court when he approves of the prior ruling." Record Doc. No. 14-2, plaintiff's memorandum at p. 7. However, she does not explain how her substantial rights were affected by the lack of the prior decision in the current record.

The ALJ and Pea's counsel discussed during the hearing in the current proceeding that the prior ALJ's decision had denied benefits through April 24, 2003; that Pea had appealed that decision to the Appeals Council, which had denied review on September 15, 2004; and that she had appealed to this court, which had affirmed the

decision. (Tr. 209-16).[2] The ALJ stated clearly at the hearing that he could not reopen a claim once it had been appealed to the district court and affirmed. He also said plainly that he could not use the alleged onset date of January 15, 2003 for plaintiff's current application because that date fell within the period for which benefits had already been denied and that he must instead use April 25, 2003, the day after the prior decision, as the current onset date. Pea's attorney responded that he agreed with the ALJ concerning both the denial of reopening and the current onset date. (Tr. 216-18).

Although the prior decision is not in the current administrative record, Pea has not shown that her substantial rights were affected. No remand is necessary to correct this harmless error. Audler, 501 F.3d at 448.

## CONCLUSION

Plaintiff has failed to carry her burden to show that the proffered evidence is new and material and that she had good cause for the failure to include it in the administrative record. She has failed to show any prejudice to her substantial rights either by the

---

[2]On March 21, 2007 (after the ALJ's hearing on March 8, 2007), this court entered judgment, based on a report and recommendation dated February 27, 2007, dismissing as untimely plaintiff's appeal of the earlier ALJ's decision. Pea v. Barnhart, C.A. 04-3182F(1), Record Doc. Nos. 13, 14, 15. Apparently the ALJ and plaintiff's attorney were referring to the February 27, 2007 report and recommendation at the administrative hearing when they acknowledged that the prior decision had been affirmed by this court, but that Pea still had time to appeal to the Fifth Circuit. (Tr. 209-14).

18

inclusion of another person's medical records in, or the exclusion of the prior ALJ's decision from, the administrative record in this case.

Having thoroughly reviewed the record, I further find that substantial evidence supports the ALJ's findings concerning plaintiff's lack of any severe impairment based on depression. Substantial evidence also supports the ALJ's conclusions that, despite plaintiff's severe impairments, she has the residual functional capacity to perform limited sedentary work with the restrictions noted in the opinion and that she was capable of performing her past relevant work as a telemarketer and/or telephone operator.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to remand be DENIED and that her complaint be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this <u>  22nd  </u> day of August, 2008.

                              JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE