```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DIANE A. PEA                              CIVIL ACTION

VERSUS                                    NO: 07-7958

SOCIAL SECURITY                           SECTION: J(2)
ADMINISTRATION
```

### ORDER & REASONS

Before the Court is Plaintiff Diane A. Pea's ("Pea") **Motion for Issuance of Ex Parte Order Granting Extension of Time within which to File Supporting Memorandum of Fact and Law (Rec. Doc. 24),** which seeks an extension of time to file a more complete memorandum in support of Pea's **Motion for Relief under Provisions of FRAP, Rule 60 (Rec. Doc. 25),** which is also currently pending before the Court. Because there is no Rule 60 of the Federal Rules of Appellate Procedure, the Court construes Pea's Motion for Relief under Provisions of FRAP, Rule 60 as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Court's order of October 24, 2008, dismissing Pea's complaint with prejudice (Rec. Doc. 23).

Rule 60(b) allows a court to grant relief from a final judgment under any of six provisions, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that was not previously discoverable with reasonable diligence; (3) fraud or misrepresentation; (4)

voidance of the judgment; (5) satisfaction of the judgment; (6) any other justification for such relief.  Fed. R. Civ. Proc. Rule 60(b); <u>In re OCA, Inc.</u>, --- F.3d ----, 2008 WL 5147487, *5 (5th Cir. Dec. 9, 2008).  It is not clear under which provision of Rule 60(b) Pea seeks relief.  However, given the nature of the allegations in her motion, it appears that Pea seeks relief under the first and second grounds for Rule 60 relief.  "[A] district court enjoys a great deal of discretion in determining whether a moving party has established 'excusable neglect' under Rule 60(b)(1)."  <u>American Totalisator Co., Inc. v. Fair Grounds Corp.</u>, 3 F.3d 810, 815 (5th Cir. 1993).  Similarly, "the standard for review of a decision denying a new trial under Rule 60(b)(2) is a determination of whether the district court abused its discretion."  <u>Chilson v. Metropolitan Transit Authority</u>, 796 F.2d 69, 72 (5th Cir. 1986).

As to the first grounds, Pea apparently suggests that this Court's procedural error in dismissing her complaint constitutes grounds for Rule 60(b) relief.  Specifically, Pea asserts that this Court improperly and prematurely entered an order and judgment adopting the Report and Recommendation ("R&R") of the Magistrate Judge and dismissing her complaint only two days after entry of her Objections to the R&R.  Pea claims that the Court's action was taken at least 28 days before the scheduled delay had expired within which the Assistant U.S. Attorney could respond to the objections.  However, under the Automatic Referral procedures

for judicial review of Social Security decisions provided in Local Rule 73.2E and 28 U.S.C. 636(b)(1)(c), no such thirty day delay for the Government's reply to objections to the R&R is required. Furthermore, it is unclear how the lack of a reply from the Government to Pea's objections would in any way cause her prejudice.

Additionally, Pea appears to assert that due to mistake, inadvertence, surprise, or excusable neglect, her counsel did not file a summary judgment that he had been preparing in this matter. Specifically, Pea asserts that her counsel was unaware that this Court's order and judgment dismissing her complaint with prejudice also denied her alleged request for alternative relief (in the event her motion to remand was denied). The referenced alternative relief sought that, in the event Pea's Motion to Remand was denied, the Government be allowed to supplement the record before this Court with additional records. However, given that this Court's order and judgment dismissed Pea's *entire claim*, it should have been clear to counsel that the alternative relief request was also denied. Furthermore, the dismissal of Pea's entire complaint rendered the request for alternative relief moot.

Finally, Pea apparently relies on the second Rule 60(b) ground for relief, namely the discovery of new evidence, to support her request for relief from judgment. In particular, Pea has attached several medical records, none of which is

specifically identified in her pleadings, that allegedly support her request for relief from this Court's judgment dismissing her complaint. However, Pea has not alleged any facts to suggest whether or not these records were undiscoverable with reasonable diligence prior to dismissal of Pea's complaint. Additionally, Pea notes in her pleadings that these records "are still available to Plaintiff's counsel which prove [sic] that these medical records were marked by office personnel at the Office of Hearings and Appeals in Metairie, Louisiana prior to the ALJ hearing at issue . . . ." This allegation suggests that Plaintiff's counsel already had the records attached to the present motion *prior to entry of this Court's order and judgment*. Thus, based on the lack of any allegations regarding the discoverability of these records prior to this Court's dismissal, combined with the apparent admission that these records were in counsel's possession prior to the dismissal, Pea's request for Rule 60(b) relief on this grounds also fails. Accordingly,

**IT IS ORDERED** that Pea's **Motion for Relief under Provisions of FRAP, Rule 60 (Rec. Doc. 25)** is **DENIED**.

**IT IS FURTHER ORDERED** that Pea's **Motion for Issuance of Ex Parte Order Granting Extension of Time within which to File Supporting Memorandum of Fact and Law (Rec. Doc. 24)**, seeking an extension of time to file a more complete memorandum in support of Pea's Motion for Relief under Provisions of FRAP, Rule 60, is **DENIED AS MOOT.**

New Orleans, Louisiana this 12th day of January, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE